on passing around the rear of a car standing upon a parallel track, it was *held* that the evidence was insufficient to show that the car inflicting the injury was being operated at excessive speed, the only witness testifying in favor of plaintiff being a woman who was just behind decedent at the time of the accident and who testified that the car "was going in a hurry," "was going fast," ·her testimony being contradicted by other witnesses in a better position to observe the facts.

3.   STREET RAILROADS, § 131*—*when evidence insufficient to show failure to ring gong.* In an action to recover damages for the death of a pedestrian who, on passing around the rear end of a stationary car, was struck by a car proceeding in the opposite direction upon a parallel track, the evidence was *held* insufficient to show failure on the part of defendant's servants operating ˙the car inflicting the injury to ring the gong.

4.   STREET RAILROADS, § 98*—*when contributory negligence shown.* In an action to recover damages for the death of a person who, on passing around the rear end of a stationary car, was struck by a car bound in  the opposite direction upon a parallel track, it was *held* that decedent was guilty of contributory negligence as a matter of law, there being nothing in the circumstances surrounding the accident to excuse him from looking, it being apparent that he did not look until too late.

---

## Hermine Richter, Plaintiff in Error, v. Village of Maywood, Defendant in Error.

### Gen. No. 18,794.    (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914.   Reversed ·and remanded.   Opinion filed February 24, 1915.

### Statement of the Case.

Action by Hermine Richter against the Village of Maywood to recover for personal injuries sustained as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, ·same topic and section number.

the result of stepping into an unguarded hole or excavation at a street crossing. From a judgment entered on a verdict for defendant, plaintiff brings error.

Charles J. Trainor, for plaintiff in error.

Joseph J. Sullivan, for defendant in error.

Mr. Justice Gridley delivered the opinion of the court.

## Abstract of the Decision.

1. Instructions, § 129*—*when erroneous as omitting elements.* An instruction directing a verdict which does not contain all of the elements justifying such verdict is erroneous.

2. Instructions, § 10*—*when giving of number on same point improper.* The giving of eight instructions directing the jury's attention to the degree of care required of the plaintiff is improper since it tended to emphasize plaintiff's duty in that respect, and to create in the minds of the jury the impression that the court did not believe that plaintiff was in the exercise of due care at the time of the injury.

---

## Carrie Killian, Administratrix, Defendant in Error, v. Vaclav Tesar, Plaintiff in Error.

### Gen. No. 19,502. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Joseph E. Ryan, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed with finding of facts. Opinion filed February 24, 1915.

### Statement of the Case.

Action by Carrie Killian, administratrix of the estate of her mother, Josephine Novak, deceased, against

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.